# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN TURNER, | : | Case No.: 1:19-cv-00632-SJD-KLL |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| vs. | : | **ELECTRONICALLY FILED** |
| | : | |
| THE FREESTORE | : | |
| FOODBANK, INC., *et al*. | : | |
| | : | |
| Defendants. | : | |

## **ANSWER**

Come now Defendants Freestore Foodbank, Inc. and Anne Pezel (collectively, Defendants), and for their Answer to Plaintiff's Complaint, state as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph Nos. 1, 21, 25, 33, 36, 41, 46, 51, 52, 55, 56, and 65 of Plaintiff's Complaint, and therefore deny the same.

2. Defendants admit the allegations contained in Paragraph Nos. 4, 14, 15, 18, 28, 62, 66, 69, 72, 74, 79, 80, 81, 125, 134, 151, 152, 154, 162, and 176 of Plaintiff's Complaint.

3. Defendants deny the allegations contained in Paragraph Nos. 16, 17, 19, 23, 24, 26, 27, 30, 31, 34, 35, 38, 39, 40, 42, 43, 44, 45, 48, 49, 50, 54, 57, 58, 59, 61, 63, 68, 70, 73, 75, 76, 77, 78, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 103, 104, 105, 106, 108, 109, 110, 111, 112, 113, 114, 115, 116, 119, 120, 121, 122, 123, 126, 127, 128, 129, 135, 136, 137, 138, 139 140, 146, 147, 148, 149, 153, 155, 156, 157, 158, 159, 160, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 178, 179, 180, 181, 182, 183, 184, 185, 186, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 200, 201, 203, 204, 205, 206, 207, 208, 209, 210,

211, 213, 214, 216, 217, 218, 219, 220, 221, 222, 223, 224, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 238, 239, 240, 242, and 243 of Plaintiff's Complaint.

4. Paragraph Nos. 3, 5, 6, 7, 8, 13, 118, 131, 132, 133, 142, 143, 144, 145, 163, 177, 188, 202, 215, and 241 of Plaintiff's Complaint state a legal conclusion and do not set forth any factual allegation calling for a response from Defendants. To the extent any factual allegation contained therein calls for a response from Defendants, Defendants deny the same.

5. With respect to the allegations contained in Paragraph Nos. 107, 117, 124, 130, 141, 150, 161, 175, 187, 199, 212, 225, and 237 of Plaintiff's Complaint, Defendants state that no response is required.

6. In response to Paragraph No. 2 of Plaintiff's Complaint, Defendants admit that the Freestore Foodbank, Inc. is an Ohio non-profit corporation. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 2 of Plaintiff's Complaint, and therefore deny the same.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph Nos. 9, 11, and 12 of Plaintiff's Complaint, and therefore deny the same. By way of further answer, Defendants state that the documents referenced in these allegations speak for themselves.

8. Defendants admit the allegations contained in Paragraph No. 10 of Plaintiff's Complaint. By way of further answer, Defendants state that the document speaks for itself.

9. With respect to the allegations contained in Paragraph No. 20 of Plaintiff's Complaint, Defendants state that the document speaks for itself. To the extent any factual allegation contained therein calls for a response from Defendants, Defendants deny the same.

10. With respect to the allegations contained in Paragraph No. 22 of Plaintiff's Complaint, Defendants deny that Brian Weichert implied any promotion to Plaintiff. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 22 of Plaintiff's Complaint, and therefore deny the same.

11. With respect to the allegations contained in Paragraph No. 29 of Plaintiff's Complaint, Defendants admit that the warehouse operations manager position was eliminated. Defendants deny the remaining allegations contained in Paragraph No. 29 of Plaintiff's Complaint.

12. With respect to the allegations contained in Paragraph No. 32 of Plaintiff's Complaint, Defendants admit that Plaintiff accepted the position of inventory specialist. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 32 of Plaintiff's Complaint, and therefore deny the same.

13. With respect to the allegations contained in Paragraph No. 37 of Plaintiff's Complaint, Defendants admit that Freestore Foodbank, Inc. is involved with the TEFAP program. By way of further answer, Defendants state that it was Plaintiff's responsibility to manage TEFAP inventory, which he failed to do. Defendants deny the remaining allegations contained in Paragraph No. 37 of Plaintiff's Complaint.

14. With respect to the allegations contained in Paragraph No. 47 of Plaintiff's Complaint, Defendants admit that Aaron Ginn was hired as director of distribution. Defendants deny the remaining allegations contained in Paragraph No. 47 of Plaintiff's Complaint.

15. Defendants admit the allegations contained in Paragraph No. 53 of Plaintiff's Complaint. By way of further answer, Defendants state that Plaintiff's Complaint fails to mention

that Freestore Foodbank, Inc. paid warehouse employees for 40 hours of work each week and additionally provided paid lunch breaks. This was offered as a generous employee benefit, not as some kind of "scheme."

16. With respect to the allegations contained in Paragraph No. 60 of Plaintiff's Complaint, Defendants admit that security was hired at Plaintiff's request. Defendants deny the remaining allegations contained in Paragraph No. 60 of Plaintiff's Complaint.

17. With respect to the allegations contained in Paragraph No. 64 of Plaintiff's Complaint, Defendants admit that Freestore Foodbank, Inc.'s Human Resources department requested that Plaintiff complete FMLA documents. Defendants deny the remaining allegations contained in Paragraph No. 64 of Plaintiff's Complaint.

18. Defendants deny the allegations set forth in Paragraph No. 67 of Plaintiff's Complaint. By way of further answer, Defendants state that Plaintiff's FMLA leave was granted after he fully completed the required documentation.

19. With respect to the allegations contained in Paragraph No. 71 of Plaintiff's Complaint, Defendants admit that Plaintiff received a performance evaluation in August of 2018. By way of further answer, Defendants state that the document speaks for itself.

20. With respect to the allegations contained in Paragraph No. 102 of Plaintiff's Complaint, Defendants admit that Plaintiff taught a LIFT class. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 102 of Plaintiff's Complaint, and therefore deny the same.

As their affirmative defenses, Defendants state as follows:

**FIRST AFFIRMATIVE DEFENSE**

21. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

22. Defendants did not discriminate or retaliate against Plaintiff in any respect; Defendants did not fail to accommodate Plaintiff in any respect; Defendants did not deny Plaintiff any rights to which he was entitled under any law, including but not limited to the FMLA, ADEA, ADA, Ohio Civil Rights Act, Ohio whistleblower statute (R.C. § 4113.52), and/or Ohio workers' compensation discrimination and retaliation statute (R.C. § 4123.90).

**THIRD AFFIRMATIVE DEFENSE**

23. Plaintiff's claims are barred because Defendants did not unlawfully discriminate or retaliate against Plaintiff in any respect, and all of Defendants' actions with respect to Plaintiff were taken in good faith, without malice, and were motivated solely by lawful, legitimate, and non-discriminatory business reasons.

**FOURTH AFFIRMATIVE DEFENSE**

24. Plaintiff did not engage in any protected activity under any state or federal law, and there is no causal connection between any of the acts alleged by Plaintiff and any adverse employment action.

**FIFTH AFFIRMATIVE DEFENSE**

25. Plaintiff's employment with Freestore Foodbank, Inc. was terminated for legitimate, lawful, non-discriminatory, and non-retaliatory reasons.

**SIXTH AFFIRMATIVE DEFENSE**

26. Plaintiff was not replaced by an individual outside of any relevant protected class, or otherwise treated differently than any similarly situated employee outside of any relevant protected class.

**SEVENTH AFFIRMATIVE DEFENSE**

27. Plaintiff's claims and damages are barred by the doctrine of after-acquired evidence.

**EIGHTH AFFIRMATIVE DEFENSE**

28. Plaintiff's claims are barred to the extent that Plaintiff has failed to reasonably mitigate his damages, if any, following the termination of his employment at Freestore Foodbank, Inc. Alternatively, to the extent that Plaintiff has obtained other employment since the termination of his employment at Freestore Foodbank, Inc., such employment reduces or eliminates Plaintiff's claim for damages in this case.

**NINTH AFFIRMATIVE DEFENSE**

29. Plaintiff's claims are barred by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

30. Plaintiff's claims are barred to the extent that he failed to exhaust his administrative remedies.

**ELEVENTH AFFIRMATIVE DEFENSE**

31. Plaintiff's claims are barred because Plaintiff was himself at fault in causing the damages of which he now complains, which are specifically denied, and but for said actions on the part of Plaintiff, such damages, if any, would not have occurred.

**TWELFTH AFFIRMATIVE DEFENSE**

32. Plaintiff's damages, if any, were caused by his own willful and intentional conduct.

**THIRTEENTH AFFIRMATIVE DEFENSE**

33. At all times during Plaintiff's employment with Freestore Foodbank, Inc., Plaintiff was an employee-at-will.

**FOURTEENTH AFFIRMATIVE DEFENSE**

34. Plaintiff's claims are barred under R.C. § 4113.52 because he made no authorized reports of any alleged illegal, immoral, and/or unethical activities; violations of state or federal statutes, ordinances, or regulations; or activities that constituted criminal acts pursuant to this statute.

**FIFTEENTH AFFIRMATIVE DEFENSE**

35. Plaintiff's claims are barred because he made no complaints or reports to Defendants concerning alleged unethical, unlawful, policy-violating activities, or of alleged unsafe working conditions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

36. Plaintiff's claims are barred under R.C. § 4123.90 because there is no causal connection between any adverse action taken against Plaintiff and his claim filed under the Ohio workers' compensation statute.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

37. Plaintiff's claims are barred because Defendants did not take any adverse action against Plaintiff to avoid a workers' compensation claim.

## EIGHTEENTH AFFIRMATIVE DEFENSE

38. The facts set forth in Plaintiff's Complaint do not give rise to a violation of 29 U.S.C. § 2601, *et seq*.

## NINETEENTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred because Defendants did not unlawfully interfere with, restrain or deny Plaintiff the exercise of any right provided for under the Family and Medical Leave Act, and any and all actions taken by Defendants were taken in good faith and for lawful, legitimate business reasons.

## TWENTIETH AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred because there is no casual connection between Defendants' termination of Plaintiff and Plaintiff's alleged exercise of a protected right under the FMLA.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred because there is no causal connection between his leave under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*., and the termination of his employment.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

42. Plaintiff's age was not a factor in the termination of his employment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

43. Plaintiff's age was not the but-for cause of the termination of his employment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

44. Plaintiff was not a qualified individual with a disability for purposes of the ADA.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

45. Any physical impairment of the Plaintiff during the relevant time period did not constitute a disability under the ADA.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

46. Plaintiff did not request a reasonable accommodation from Defendants or otherwise inform Defendants at any time that he had a disability as that term is defined by the ADA.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

47. At all times relevant herein, Defendants acted in good faith and without malice.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

48. To the extent Plaintiff is seeking punitive damages, such damages are not recoverable under the FMLA, ADEA, ADA, Ohio Civil Rights Act, Ohio whistleblower statute (R.C. § 4113.52), and/or Ohio workers' compensation discrimination and retaliation statute (R.C. § 4123.90). Further, Defendants did not engage in any willful, outrageous, or extreme conduct which would support an award of punitive or liquidated damages.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

49. Defendants reserve the right to raise such further defenses that shall become manifest during or upon completion of discovery.

WHEREFORE, having answered, Defendants Freestore Foodbank, Inc. and Anne Pezel demand that Plaintiff's Complaint be dismissed with prejudice; for a trial by jury; for their costs and expenses incurred in defending this matter, including reasonable attorneys' fees; and any and all other relief to which the Defendants may appear properly entitled.

Respectfully submitted,

/s/ Kelly A. Holden
Kelly A. Holden (0066556)
Kathleen C. Tranter (0089503)
Dressman Benzinger LaVelle psc
Atrium Two, Suite 2500
221 East Fourth Street
Cincinnati, Ohio 45202
Phone: (513) 241-4110
Fax: (513) 241-4551
E-mail: kschoening@dbllaw.com
ktranter@dbllaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served via CM/ECF filing this 17th day of October, 2019, upon the following:

Matthew G. Bruce, Esq.
Evan R. McFarland, Esq.
The Spitz Law Firm, LLC
8354 Princeton-Glendale Road, Suite 203
West Chester, Ohio 45069

/s/ Kelly A. Holden
Kelly A. Holden

825969v1